**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deutsche Bank National Trust Company as Trustee for Downey 2006-AR1,<br><br>    Plaintiff,<br><br>vs.<br><br>Sonja Kramer,<br><br>    Defendant. | No. CV-10-265-PHX-DGC<br><br>**ORDER** |

Plaintiff Deutsche Bank purchased property located in Mesa, Arizona at a trustee's sale held on January 12, 2010. Two weeks later, Plaintiff brought a forcible detainer action in Arizona state court against the occupant of the property, Defendant Sonja Kramer. Defendant removed the action to this Court on February 4, 2010. Dkt. #1.

A case management conference was held on March 26, 2010. Dkt. #9. The Court stated at the conference that it would issue an order remanding the case to state court. This is that order.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to federal statutes, this Court has subject matter jurisdiction over a case only if it arises under federal law or the amount in controversy exceeds $75,000 and the parties are citizens of different states. *See* 28 U.S.C. §§ 1331, 1332(a). The Court will remand this case because neither federal question nor diversity jurisdiction exists.

## I. Federal Question Jurisdiction.

Plaintiff's forcible detainer action does not arise under federal law. *See* Dkt. #1 at 5-13. Plaintiff requests immediate possession – an issue arising solely under Arizona law. *See* A.R.S. § 12-1173.01. "By unimpeachable authority, a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States[.]" *Gully v. First National Bank*, 299 U.S. 109, 116 (1936).

Defendant's purported federal defenses and counterclaims (*see* Dkt. #1 at 2, ¶ 5) cannot form the basis for removal jurisdiction. It is well established that federal question jurisdiction exists only where the "*complaint* establishes that the case 'arises under' federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983) (emphasis added); *See ARCO Envtl. Remediation v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000) (a defense based on federal law is an insufficient basis for federal question jurisdiction); *see also Myung v. Wash. Mut. Bank*, No. CV 09-7581 PA (JCx), 2009 WL 4123467, at *2-3 (C.D. Cal. Nov. 23, 2009) (finding no substantial federal question where state claims were based in part on alleged violations of TILA and RESPA).

In summary, because Plaintiff's claim for forcible detainer is a state-law cause of action and does not depend on resolution of any substantial issue of federal law, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1331.

## II. Diversity Jurisdiction.

Diversity jurisdiction does not exist under 28 U.S.C. § 1332. Because the sole issue raised by the forcible detainer complaint is the right of possession, not title, *see* A.R.S. § 12-1177(A), there is no dollar amount in controversy. *See* A.R.S. § 12-1173.01; *First Horizon Home Loan v. Medley*, No. CIV 08-2158-PHX-DKD, 2009 WL 2905719, at *2 (D. Ariz. Sept. 9, 2009); *see also JPMorgan Chase Bank, N.A. v. Coleman*, No. G-06-688, 2007 WL 655629, at *2 (S.D. Tex. Feb. 27, 2007).

Moreover, where no federal question is raised on the face of the complaint, an action is removable only if no defendant "is a citizen of the State in which the action is brought."

28 U.S.C. § 1441(b). Removal of this case was improper because Defendant is a citizen of Arizona. *See* Dkt. #1 at 1; *Medley*, 2009 WL 2905719, at *2.

**III.    Remand Summary.**

Courts strictly construe the removal statute, 28 U.S.C. § 1441, against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Indeed, there is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* This strong presumption "against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* Defendant has not met her burden in this case. The Court therefore will remand the case to state court for lack of subject matter jurisdiction. *See Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983) ("a federal court may dismiss *sua sponte* if jurisdiction is lacking").

**IT IS ORDERED** that the Clerk is directed to **remand** this case to state court.

DATED this 30th day of March, 2010.

_____
David G. Campbell
United States District Judge